IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAZARUS GAMES, LLC, | |
| Plaintiff, | C.A. No. |
| v. | |
| BMG & ASSOCIATES, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Lazarus Games, LLC ("Plaintiff" or "Lazarus Games"), by and through its undersigned attorneys, brings this complaint against Defendant, BMG & Associates, LLC ("Defendant" or "BMG"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition arising under common law and the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*., and specifically, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

## PARTIES

2. Plaintiff Lazarus Games, LLC is a Pennsylvania limited liability company with a place of business at 1707 S. Cameron Street, Harrisburg, PA 17104.

3. On information and belief, Defendant BMG & Associates, LLC is a Delaware limited liability company with a place of business at 2390 Diamond Hill Road, Cumberland, RI, 02864.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's claims against Defendant because the Court has original federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121. This Court has supplemental subject matter jurisdiction over Plaintiff's remaining common law claims under 28 U.S.C. § 1367(a) because the claims arise from the same controversy as and share a common nucleus of operative fact with Plaintiff's federal trademark infringement claim.

5. This Court has personal jurisdiction over Defendant because Defendant resides in Delaware, the state in which Defendant was incorporated, and is therefore subject to general personal jurisdiction therein.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in the State of Delaware in which this judicial district is located.

**FACTS**

**PLAINTIFF AND ITS ACTIVITIES**

7. The history behind Lazarus Games stems back to at least September 2008, when Jeremy Vogelsong opened an eBay store specializing in buying and selling new and used miniature war games, collectible card games, and role-playing games (RPGs), and offering a wide selection of new and used products from many manufacturers, including Games Workshop and Wizards of the Coast. Since opening its doors to the public in 2020, Lazarus Games has established itself as a prominent, local, brick and mortar game store specializing in the sale of new and used gaming products and supplies while also offering cash and store credit for collectible gaming items brought into Plaintiff's private game rooms by customers.

8. In September 2008, Plaintiff first began using in commerce the name and trademark LAZARUS GAMES on and in connection with the promotion, offering for sale, and sale of its games and its gaming services on its eBay store.

9. On May 7, 2018, Lazarus Games, LLC, was formed.

10. Plaintiff owns the name and trademark LAZARUS GAMES by virtue of its long-term, continuous, and substantially exclusive use of the trademark. This mark is distinctive and constitutes one of Plaintiff's most valuable assets.

11. On December 19, 2024, Plaintiff filed an application to register the trademark LAZARUS GAMES with the U.S. Patent & Trademark Office ("USPTO"). The USPTO issued Registration No. 7,754,710 for the LAZARUS GAMES trademark on April 8, 2025. (Ex. A). The trademark "consists of standard characters without claim to any particular font style, size or color." *Id*. The services associated with the mark include retail store services featuring games, "namely card games, board games, war games, miniature games and role playing games, game accessories, miniatures, action figures, plushies, puzzles, toys, books, strategy guides, graphic novels, art, decorative objects, collectibles and clothing apparel" (international class 035) and services for arranging, organizing, conducting, and hosting entertainment events involving the foregoing games (international class 041). *Id.*

12. Plaintiff promotes, offers for sale, and sells its LAZARUS GAMES products on its website (https://lazarus-games.com/), on eBay (https://www.ebay.com/str/lazarusgames), on TCGplayer (https://lazarusgames.tcgplayerpro.com/), and at its in-person gaming room located at 1707 S. Cameron Street, Harrisburg, PA 17104.

13. Below are screenshots of Plaintiff's games and gaming products offered for sale online, showing Plaintiff's use of the LAZARUS GAMES mark:



14.     The LAZARUS GAMES name and mark are also prominently displayed on Plaintiff's gaming room at 1707 S. Cameron Street, Harrisburg, PA 17104, as shown below:



15. The goods and services associated with Plaintiff's trademark are advertised and promoted on several social media platforms, including Facebook, Instagram, TikTok, and YouTube.

16. Plaintiff's trademark is also displayed on its merchandise, apparel, and packaging.

17. Since the inception of "Lazarus Games" in September 2008, Plaintiff has spent significant time, money, and resources developing, protecting, and promoting its brand and the products offered, advertised, and promoted in connection with Plaintiff's mark.

18. As a result of Plaintiff's expenditures and efforts, Plaintiff's LAZARUS GAMES name and mark have come to signify high-quality gaming products and services. Plaintiff, its trademark, and its products and services have developed a strong reputation and are favorably-

recognized in Pennsylvania and beyond. Plaintiff has enjoyed commercial success for its products and services associated with its LAZARUS GAMES trademark.

### DEFENDANT AND ITS ACTIVITIES

19. Upon information and belief, long after Plaintiff began using its trademark, Defendant adopted the trademark LAZARUS RISING GAMES (the "Infringing Mark") for use in connection with the promotion, offering for sale, and sale of collectible card games (CCGs) and similar gaming products and services.

20. On or about July 2024, Defendant began conducting its business using the brand name LAZARUS RISING GAMES in connection with its gaming products on its website (https://lazarusrising.games/), as well as in Defendant's Kickstarter campaign (https://www.kickstarter.com/projects/overpower/overpower-0) launched on October 15, 2024, in press releases, announcements, interviews, and social media platforms highlighting the return of Defendant's "OverPower" CCG. Specifically, Defendant's products displaying the Infringing Mark or variations of the Infringing Mark are promoted on the Lazarus Rising Games website (https://lazarusrising.games/), the Kickstarter campaign website (https://www.kickstarter.com/projects/overpower/overpower-0), and in press releases on both PR Newswire (https://www.prnewswire.com/) and Comics Beat (https://www.comicsbeat.com/), as depicted below in this order:





LAZARUS RISING GAMES



Lazarus Rising Games was founded in Boston, Massachusetts, in 2024 by a group of passionate players with a shared vision: to resurrect legendary games from their childhood and bring them to a new generation of gamers. Our mission is to breathe new life into classic games, ensuring they remain as thrilling and captivating as ever.

As avid gamers and collectors ourselves, we understand the magic that comes with every card draw and every strategic move. This deep-rooted passion drives us to meticulously revive and enhance these beloved games, preserving their core essence while introducing fresh elements that appeal to both nostalgic veterans and new enthusiasts.

We are incredibly proud to announce that we are the proud owners of Overpower, the iconic collectible card game. Our team is dedicated to relaunching Overpower in 2025, with exciting updates and improvements that honor its rich history while paving the way for an exhilarating future. Stay tuned for more updates as we embark on this thrilling journey to bring Overpower back to the forefront of the gaming world.

At Lazarus Rising Games, we believe that the games we love should never be forgotten.

- 8 -







# Lazarus Rising Games Brings Iconic OverPower CCG Back to Life with Kickstarter Campaign

**NEWS PROVIDED BY**
**Lazarus Rising Games →**
Oct 02, 2024, 08:44 ET

SHARE THIS ARTICLE

Classic Superhero Battle Game Reimagined for a New Generation & Legacy Followers

*The Battle Begins Again — Join the Resurgence on Kickstarter from October 15 - November 13*

BRIGHTON, Mass., Oct. 2, 2024 /PRNewswire/ -- Lazarus Rising Games is excited to announce the much-anticipated return of the OverPower collectible card game (CCG), launching with a Kickstarter campaign on October 15, 2024. Fans of the original game, as well as new players, will have the chance to experience the thrill of superhero battles in a way never seen before.

Twenty-three years ago, OverPower captivated the hearts of CCG enthusiasts with its unique mechanics and iconic superhero characters. Now, Lazarus Rising Games has reimagined the game, preserving the classic elements that fans love while adding modern enhancements. With its innovative bidding system and simultaneous turns, OverPower remains a battlefield where strategy and decision-making define each match.

"We are thrilled to bring back this iconic game that has meant so much to so many," said Joe Gagnepain, Co-Founder, CEO & Game Lead at Lazarus Rising Games. "This is more than a game—it's a revival of a legacy. Our goal is to reignite the excitement of OverPower for longtime fans while introducing its innovative mechanics and superhero showdowns to a new generation of players."



21. On or about October 17, 2024, to October 20, 2024, Defendant used the LAZARUS RISING GAMES brand name in connection with its CCG products and services at the New York Comic Con (NYCC) to further advertise and promote the product launch and release of its "OverPower" game.

22. The goods and services used in connection with Defendant's Infringing Mark are advertised and promoted on several social media platforms, including Facebook, Instagram, TikTok, YouTube, and LinkedIn.

**CUSTOMER CONFUSION**

23. On or about December 6, 2024, to December 8, 2024, at the PAX Unplugged gaming convention in Pennsylvania—a tabletop, gaming-focused event specifically tailored to board games, RPGs, miniatures, and cards—where Plaintiff was an exhibitor, Plaintiff's employees encountered numerous inquiries from attendees about "their new 'OverPower' game" and were repeatedly and mistakenly believed to be employees and/or affiliates of Lazarus Rising Games.

24. Since Defendant's October 15, 2024, product launch of the "OverPower" CCG, Plaintiff's customers have continuously mistaken LAZARUS GAMES for LAZARUS RISING GAMES on social media posts in particular, as evidenced by customers tagging LAZARUS GAMES instead of LAZARUS RISING GAMES in posts which promote and mention Defendant's "OverPower" game.

25. Considering the overlapping card game products and related services advertised, promoted, and sold by the parties' respective businesses, as well as the confusing similarity of their respective marks and the related nature of their respective products and services, Plaintiff's customers routinely explain to Lazarus Games employees that they mistakenly believed Defendant's products (*e.g.,* the "OverPower" game) and services were associated with, connected, or related to Plaintiff, thereby demonstrating actual confusion.

26. Specifically, in Defendant's Kickstarter campaign for its "OverPower" game, Defendant refers to itself as "Lazarus Games" rather than "Lazarus Rising Games" in the context of promoting its new game, stating that "Lazarus Games is bringing the Draft Format to

OverPower for the first time!" (Ex. B at 6). The Kickstarter campaign further describes BMG's President, Ronald Pozzi, as "the whiz behind everything Lazarus Games does." (Ex. B at 11).

27. In a cease and desist letter dated December 19, 2024, Plaintiff requested Defendant to immediately stop using the Infringing Mark, to remove all references to LAZARUS RISING GAMES from Defendant's marketing materials, product packaging, websites, and social media platforms, and to discontinue use of the "lazarusrising.games" website domain. (Ex. C). Despite Plaintiff's requests, however, Defendant has declined to take any corrective action and continues to use the Infringing Mark in connection with its card game products and services.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1114

28. Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. This claim is brought under 15 U.S.C. § 1114.

30. Plaintiff has continuously and extensively used its LAZARUS GAMES trademark since September 2008, on and in connection with card games, board games, war games, miniature games, RPGs, and gaming services, and Plaintiff has not abandoned this mark.

31. The registration for the LAZARUS GAMES trademark (Reg. No. 7,754,710) is valid and enforceable.

32. Plaintiff's use of the LAZARUS GAMES trademark in the United States for its goods and services predates any use of the Defendant's Infringing Mark.

33.    Defendant's infringing LAZARAUS RISING GAMES mark is confusingly similar to Plaintiff's LAZARUS GAMES mark, as both marks incorporate the words "LAZARUS" and "GAMES" having all-capitalized text.

34.    Defendant's goods and services also include card games and corresponding services, which are related to and competitive with Plaintiff's gaming products and services.

35.    Defendant's goods and services are not only offered for sale online and made available throughout the United States, but also advertised at popular events and well-attended gaming conventions, such as the 2024 New York Comic Con.

36.    Defendant's use of the Infringing Mark in commerce, on and in connection with the sale, offering for sale, distribution, or advertising of goods and services similar to and competing with those of Plaintiff, is likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods and services, and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant (and/or its affiliates or business partners) to provide competing goods and services, or in some way Defendant (and/or its affiliates or business partners) is connected to or affiliated with Plaintiff, when Defendant is not.

37.    Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own goods and services under its registered LAZARUS GAMES mark. Furthermore, any defect, objection, or fault found with Defendant's (and/or its affiliates' or business partners') goods and services would negatively impact and seriously injure the reputation Plaintiff has established for the goods and services it sells under its trademark.

38. Defendant's use of the Infringing Mark is without Plaintiff's permission, license, or consent. Defendant is not connected with Plaintiff or its trademark, and Defendant does not have a license or other agreement to use Plaintiff's trademark.

39. Plaintiff has objected to Defendant's use of the Infringing Mark, yet Defendant has ignored such demands and continues the infringing conduct, thereby causing injury to the goodwill associated with Plaintiff's trademark.

40. Defendant's acts constitute infringement of the federally-registered "LAZARUS GAMES" Trademark in violation of 15 U.S.C. § 1114.

41. Plaintiff has been and will continue to be irreparably injured by Defendant's conduct. Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant.

## COUNT II
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

**15 U.S.C. § 1125(a)**

42. Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. This claim is brought under 15 U.S.C. § 1125(a).

44. Plaintiff has continuously and substantially exclusively used the LAZARUS GAMES trademark since September 2008, and it has not abandoned this mark.

45. The "LAZARUS GAMES" trademark is both distinctive and commercially strong, and this mark enjoys federally registered (Reg. No. 7,754,710) and common law trademark protection.

46. Plaintiff's historical use of the mark in the United States for card games, board games, war games, miniature games, RPGs, and related products and services occurred prior to any date upon which Defendant could rely as the first date Defendant used its Infringing Mark on its collectible card games and related products and services.

47. Defendant is using confusingly similar names for related and competing products and services without Plaintiff's authorization. Defendant's mark, LAZARUS RISING GAMES, is confusingly similar in appearance, sound, connotation, and commercial impression to Plaintiff's LAZARUS GAMES mark due to the borrowed use of the words "LAZARUS" and "GAMES" appearing in capitalized text, and Defendant's mark, LAZARUS RISING GAMES, is used on similar gaming products and services which are offered and advertised under this similar mark, online and at in-person gaming conventions.

48. Defendant's use of the Infringing Mark in connection with gaming products and related services misrepresents the nature, characteristics, qualities, and origin of Defendant's products.

49. Defendant's unauthorized use of its Infringing Mark in commerce, in connection with the sale, offering for sale, distribution, or advertising of its goods and services unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods and services advertised, sold, or offered for sale by Defendant (and/or its affiliates or business partners) emanate from the same source or origin as Plaintiff's goods and services, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods, when Plaintiff does not.

50. Defendant's use of the Infringing Mark is without Plaintiff's permission, license, or consent. Defendant is not connected with Plaintiff or Plaintiff's trademark. Despite Plaintiff's

objection to Defendant's use of the Infringing Mark, Defendant has ignored such demands and continues to use the Infringing Mark, to trade on the goodwill associated with Plaintiff's Trademark.

51. Defendant's acts constitute false designation of origin, false suggestion and false connection with the Infringing Mark, and unfair competition in violation of 15 U.S.C. § 1125(a).

52. Plaintiff has been and will continue to be irreparably injured by Defendant's conduct. Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury in this action of all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Lazarus Games, LLC respectfully prays for the following relief against Defendant:

A. An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a);

B. An order permanently enjoining and restraining Defendant and those in active concert and participation with Defendant from:

(1) Further infringing and/or making any use of the LAZARUS GAMES mark and any colorable imitations, including but not limited to LAZARUS RISING GAMES, to advertise, promote, offer, and provide its products or services, or any related products or services; and

    (2)    Representing or suggesting to any third party that Defendant or its products and services are affiliated with, sponsored by, licensed by, or otherwise associated with Lazarus Games, LLC and/or the LAZARUS GAMES mark; and

    (3)    Otherwise unfairly competing with Plaintiff;

C.    Any other relief that the Court finds warranted and just.

Dated: <u>April 30, 2025</u>

<u>/s/ John D. Simmons</u>
John D. Simmons (#5996)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Tel: (302) 394-6030
Fax: (215) 965-1331
jsimmons@panitchlaw.com

Stephen E. Murray (*pro hac vice to be filed*)
Julianna L. Hunt (*pro hac vice to be filed*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 965-1330
Fax: (215) 965-1331
smurray@panitchlaw.com
jhunt@panitchlaw.com

*Attorneys for Plaintiff Lazarus Games, LLC*